UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOUGLAS HENTON : | |
|    Plaintiff : | Civil Action No.:  3:21cv00553 (RNC) |
| : | |
| v. : | |
| : | |
| CITY OF NEW LONDON : | |
|    Defendant : | MAY 20, 2021 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, the CITY OF NEW LONDON ("Defendant," "City," or "New London"), by and through its attorneys, hereby submits its answers and affirmative defenses addressed to the Complaint filed by Plaintiff, DOUGLAS HENTON ("Plaintiff").

## BY WAY OF ANSWER

### COUNT ONE: Age Discrimination in Violation of General Statutes § 46a-60(b)(1)

1. The Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth of the matter asserted and therefore leaves the Plaintiff to his burden of proof.

2. Admitted.

3. Admitted.

4. It is admitted that Plaintiff if black. As to the remainder of this paragraph, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth of the matter asserted and therefore leaves the Plaintiff to his burden of proof.

5. It is admitted that Plaintiff filed complaints against Defendant with the Commission of Human Rights and Opportunities. The remainder of the paragraph is denied.

6. Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth of the matter asserted and therefore leaves the Plaintiff to his burden of proof.

7. It is admitted that Plaintiff provided Defendant with his physician's restrictions and sought benefits from the Connecticut Workers' Compensation Commission. As to the remainder of the paragraph, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth of the matter asserted and therefore leaves the Plaintiff to his burden of proof.

8. Denied.

9. It is admitted that prior to August 2019, Plaintiff had work restrictions and worked overtime and holiday hours. The remainder of the paragraph is denied.

10. It is admitted that other employees have worked overtime and holiday hours. It is denied all of "the employees who have been given overtime and holiday hours have not previously field discrimination complaints against the defendant."  As to the remainder of the paragraph, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth of the matter asserted and therefore leaves the Plaintiff to his burden of proof.

11. Denied.

12. As to having "exhausted all administrative remedies," Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth of the matter asserted and therefore leaves the Plaintiff to his burden of proof. The remainder of the paragraph is admitted.

13. Denied.

14. Denied.

15. Denied.

**COUNT TWO: Violation of the Age Discrimination in Employment Act (ADEA)**

1 – 10. The answers to paragraphs 1 through ten of Count One as set forth above are hereby incorporated and made a part of Defendant's answers to Count Two as if fully set forth herein.

11. Denied.

12. As to having "exhausted all administrative remedies," Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth of the matter asserted and therefore leaves the Plaintiff to his burden of proof. The remainder of the paragraph is admitted.

13. Denied.

14. Denied.

15. Denied.

### COUNT THREE: Disability Discrimination – General Statutes § 46a-60(b)(1)

1 – 10. The answers to paragraphs 1 through ten of Count One as set forth above are hereby incorporated and made a part of Defendant's answers to Count Three as if fully set forth herein.

11. Denied.

12. As to having "exhausted all administrative remedies," Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth of the matter asserted and therefore leaves the Plaintiff to his burden of proof. The remainder of the paragraph is admitted.

13. Denied.

14. Denied.

15. Denied .

### COUNT FOUR: Violation of the Americans with Disabilities Act

1.-10. The answers to paragraphs 1 through ten of Count One as set forth above are hereby incorporated and made a part of Defendant's answers to Count Four as if fully set forth herein.

11. Denied.

12. As to having "exhausted all administrative remedies," Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth of the matter asserted and therefore leaves the Plaintiff to his burden of proof. The remainder of the paragraph is admitted.

13. Denied.

14. Denied.

15. Denied.

**COUNT FIVE: Race/Color Discrimination in Violation of General Statutes § 46a-60(b)(1)**

1.-10. The answers to paragraphs 1 through ten of Count One as set forth above are hereby incorporated and made a part of Defendant's answers to Count Five as if fully set forth herein.

11. Denied.

12. As to having "exhausted all administrative remedies," Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth of the matter asserted and therefore leaves the Plaintiff to his burden of proof. The remainder of the paragraph is admitted.

13. Denied.

14. Denied.

15. Denied.

**COUNT SIX: Race/Color Discrimination in Violation of Title VII**

1.-10. The answers to paragraphs 1 through ten of Count One as set forth above are hereby incorporated and made a part of Defendant's answers to Count Six as if fully set forth herein.

11. Denied.

12. As to having "exhausted all administrative remedies," Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth of the matter asserted and therefore leaves the Plaintiff to his burden of proof. The remainder of the paragraph is admitted.

13. Denied.

14. Denied.

15. Denied.

**COUNT SEVEN: Retaliation in Violation of General Statutes § 46a-60(b)(4)**

1.-10. The answers to paragraphs 1 through ten of Count One as set forth above are hereby incorporated and made a part of Defendant's answer to Count Seven as if fully set forth herein.

11. Denied.

12. As to having "exhausted all administrative remedies," Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth of the matter asserted and therefore leaves the Plaintiff to his burden of proof. The remainder of the paragraph is admitted.

13. Denied.

14. Denied.

15. Denied.

**COUNT EIGHT: Discrimination in Violation of General Statutes § 31-290a**

1.-10. The answers to paragraphs 1 through ten of Count One as set forth above are hereby incorporated and made a part of Defendant's answers to Count Eight as if fully set forth herein.

11. Denied.

12. Denied.

14. Denied.

**BY WAY OF AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

At all times relevant hereto, Defendant acted in good faith and has not violated any rights secured under any federal, state, or local laws, rules, regulations, or guidelines.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Any and all actions taken by Defendant were lawful and for legitimate business reasons.

**FOURTH AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over the Complaint, in whole or in part, because Plaintiff failed to exhaust his administrative remedies.

**FIFTH AFFIRMATIVE DEFENSE**

Although Defendant denies that Plaintiff is a qualified individual with a disability who can perform the essential functions of his job with or without reasonable accommodation and/or that Defendant did not provide Plaintiff with a reasonable accommodation, to the extent it is found otherwise, it would have been an undue hardship to accommodate Plaintiff and/or Plaintiff was a direct threat.

Respectfully submitted,

Attorneys for Defendant
Defendant

  /s/ Johanna G. Zelman
Johanna G. Zelman (ct26966)
FordHarrison, LLP
CityPlace II
185 Asylum Street, Suite 610
Hartford, CT 06103
Tel #:   860-740-1355
Fax #:  860-578-2075
Email: jzelman@fordharrison.com

## **CERTIFICATE OF SERVICE**

       This is to certify that on this 20th day of May, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Lorenzo J. Cicchiello, Esq.
Law Offices of Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360
Fax: 860-886-5963

                                                  /s/ Johanna G. Zelman
                                                 Johanna G. Zelman

WSACTIVELLP:12242849.1